UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

SYNCORA GUARANTEE INC.
and SYNCORA CAPITAL
ASSURANCE INC.,

           Appellants,

v.

CITY OF DETROIT, MICHIGAN,

           Appellee.
_____/

Civil Action No. 13-CV-14305
HON. BERNARD A. FRIEDMAN

Bankr. No. 13-53846
HON. STEVEN W. RHODES

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S AUGUST 28, 2013, ORDER

### I.     Introduction

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. ("Syncora") appeal from an August 28, 2013, order of the bankruptcy court, which determined that certain casino tax revenues are property of the bankruptcy estate and, therefore, subject to the automatic stay provided in 11 U.S.C. § 362(a)(3).  Syncora filed a brief in support of the appeal [docket entry 3].  The City of Detroit ("the City") filed a brief in response [docket entry 5] and Syncora filed a reply [docket entry 6].

In granting Syncora's petition for a writ of mandamus, the Sixth Circuit Court of Appeals ordered this Court to vacate the stay it had earlier imposed in this case [docket entry 7] and decide the merits of the appeal.  See In Re Syncora Guar. Inc., No. 14-1719, 2014 U.S. App. LEXIS 12557 (6th Cir. Jul. 2, 2014).  Since the Court has now had the opportunity to independently review the factual record, and finds that the Sixth Circuit's opinion accurately recites the underlying facts, the

Court will adopt the summary of the factual record as it appears in the Sixth Circuit's opinion. See id. at *2-8.

## II. Standard of Review

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158 and reviews a bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. See In re Cook, 457 F.3d 561, 565 (6th Cir. 2006); In re Musilli, 398 B.R. 447, 452-53 (E.D. Mich. 2008). Because the facts of the case are undisputed, and Syncora merely challenges the bankruptcy court's legal conclusions, the Court reviews those conclusions *de novo*.

## III. Analysis

On appeal, Syncora contends that the casino tax revenues are not the property of the bankruptcy estate because the "lockbox" procedure, whereby the City deposited its swap obligation payments into one third-party custodial account in exchange for the release of the casino tax revenues deposited into another such account, is akin to an escrow arrangement that merely endowed the City with a contingent right to receive the deposited revenues. Syncora also maintains that the casino tax revenues are exempt from the automatic stay pursuant to 11 U.S.C. § 922(d).

With respect to the first argument, the bankruptcy court properly determined that the "lockbox" mechanism does not constitute an escrow arrangement. Under New York law,[1] one of the essential characteristics of an escrow arrangement is that "[t]he incidents of ownership remain in the person depositing the property into escrow until the conditions of the escrow agreement are fulfilled." 55 NY Jurisprudence 2d, Escrows § 9 (citing 99 Commercial Street, Inc. v. Goldberg, 811 F. Supp. 900, 906 (S.D.N.Y. 1993). That is simply not the case here. The collateral agreement required the casinos to deposit the tax revenues into the general receipts subaccount and there is

---

[1] The parties agree that the rights and obligations arising under the collateral agreement are governed by New York law. See R-1, Ex. 6 § 14.10(a).

-2-

nothing in the agreement indicating that the casinos, thereafter, retained any form of ownership interest in those revenues. See R-1, Ex. 6 § 5.1.

Regarding the second argument, the bankruptcy court correctly held that the automatic stay exemption found in 11 U.S.C. § 922(d) is inapplicable. Section 922(d) provides that the filing of a chapter 9 municipal bankruptcy petition "does not operate as a stay of application of pledged special revenues . . . to payment of indebtedness secured by such revenues." Assuming, without deciding, that Syncora possesses the requisite standing to invoke section 922(d) (which the Court strongly doubts), the statute has no bearing on the use of the casino tax revenues to secure the City's swap obligation payments. This is because one of the main purposes of section 922(d) is to ensure "the protection in chapter 9 cases of a pledge of special revenues under revenue bonds," 6 Collier on Bankruptcy ¶ 922.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), and the City's swap obligation was not a form of indebtedness issued to either the swap counterparties or the swap insurer, Syncora.

Accordingly,

IT IS ORDERED that the stay imposed in this matter is hereby vacated.

IT IS FURTHER ORDERED that the bankruptcy court's August 28, 2013, order is affirmed.


Dated: July 11, 2014                    S/ Bernard A. Friedman
       Detroit, Michigan                BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE